**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TABOOLA, INC.,

                            Plaintiff,

     -against-

EZOIC INC. and DWAYNE LAFLEUR,

                          Defendants.

17-cv-09909 (PAE) (KNF)

**STIPULATED**
**CONFIDENTIALITY ORDER**

PAUL A. ENGELMAYER, U.S.D.J.

       The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

       ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

       1.       Any person subject to this Order ("Confidentiality Order") who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery or litigation in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

       2.       The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a)     previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)     previously nondisclosed material relating to ownership or control of any non-public company;

(c)     previously nondisclosed trade secrets, business plans, product development information, technical information, research and development information, marketing plans, or other sensitive commercial information, the public disclosure of which could cause technical or commercial harm to the possessor of the information;

(d)     any information of a personal or intimate nature regarding any individual; or

(e)     any other category of information hereinafter given confidential status by the Court.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.  A producing person or that person's counsel may also identify portions of a deposition transcript or exhibits that contain Confidential information

up to twenty-one (21) days after the final transcript of the deposition becomes available from the reporter.  Absent agreement by the Parties, the transcript and exhibits shall be presumptively deemed "Confidential" for twenty-one (21) days after the final transcript of the deposition becomes available from the reporter.

4.      If at any time a producing person realizes that some portion(s) of Discovery Material that that person previously produced without designation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.  To the extent such Confidential Discovery Material was disseminated to any person not entitled to review Confidential Discovery Material pursuant to this order, counsel for the receiving person shall use reasonable efforts to ensure that the Confidential Discovery Material is returned or destroyed by all persons not entitled to review it.

5.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

> (a)      the parties to this action to whom disclosure is reasonably necessary for the purposes of litigating this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
>
> (b)      outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;
>
> (c)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action and related personnel, such as deposition videographers;

(g)     any persons requested by outside counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, provided such persons have agreed to maintain the confidentiality of the information shared with them by outside counsel and to not use it other than for the purposes of this action; and

(h)     the Court and its support personnel.

6.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(a), 5(d), or 5(e) above, such person shall be provided by counsel with a copy of this Confidentiality Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.      With respect to any person referred to in subparagraphs 5(d) or 5(e), prior to disclosing Confidential Discovery Material, counsel for the receiving party must provide counsel for the producing party a signed copy of the Non-Disclosure Agreement, the resume or curriculum vitae of the proposed person, the person's business affiliation, and any current and past consulting relationships of the person in the parties' industry or industries.  The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual.  Any objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to promptly resolve any objection, the receiving party may apply to the Court to resolve the matter.  There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

8.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary

circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.  The person(s) asserting that any particular Discovery Material is Confidential shall bear the burden of establishing the confidentiality the Discovery Material in question.

10.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.     The parties do not presently anticipate that source code review will be necessary in this action.  In the event that source code review becomes necessary, the parties agree to work in good faith to submit a supplemental Confidentiality Order governing source code review procedures.

13.     If, in connection with this litigation, a party discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work

product protection with respect to the Protected Information and its subject matter. This Confidentiality Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise. Each party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in this action shall not waive any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

14.     If a disclosing party provides written notice that it has disclosed Protected Information, the receiving party shall not thereafter review the Protected Information for any purpose, except by order of the Court. The receiving party shall, within five business days, take reasonable steps to return or destroy all copies of the Protected Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.     Within five business days of the notification that such Protected Information has been returned or destroyed, to the extent required by the Parties' E-Discovery Order, the disclosing party shall produce a privilege log with respect to the Protected Information.

16.     As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Protected Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the production.

17.     The disclosing party retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Protected Information.

18.     This Confidentiality Order shall be interpreted to provide the maximum protection allowed to the producing party by Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Confidentiality Order.  However, if for any reason the Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

19.     By entering this Confidentiality Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Confidentiality Order who may be subject to a motion to disclose another party's information designated Confidential Discovery Material pursuant to this Confidentiality Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

20.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Confidentiality Order is under an obligation to use reasonable efforts to destroy or return to the producing party all materials and documents containing Confidential Discovery Material, and to certify in writing to the producing party that this destruction or return has been done.  "Reasonable efforts" shall not require the return or destruction of Confidential Discovery Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Discovery Material, but such retained information shall

continue to be treated in accordance with the Order.  Notwithstanding the above requirements to return or destroy documents, outside counsel may retain archival copies all pleadings, motion papers, written discovery, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Confidential Discovery Material, provided that counsel take appropriate steps to prevent the disclosure in a manner contrary to this Confidentiality Order of such Confidential Discovery Material.  Any retained Confidential Discovery Material shall continue to be protected under this Confidentiality Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Discovery Material.

21.     Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this Confidentiality Order.

22.     This Confidentiality Order shall survive the termination of the litigation.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

SHER TREMONTE LLP

By: ___/s/ Mark Cuccaro_____
        Mark Cuccaro
        Alexandra Elenowitz-Hess
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
mcuccaro@shertremonte.com
ahess@shertremonte.com

LATHAM & WATKINS LLP

By: ___/s/ Benjamin Naftalis_____
        Benjamin Naftalis
        Jake Ryan
        David Kowalski
        Virginia Foster Tent
885 Third Avenue
New York, New York 10022
Tel.: (212) 906-1200
Fax: (212) 751-4864
benjamin.naftalis@lw.com
jake.ryan@lw.com
david.kowalski@lw.com
virginia.tent@lw.com

_Counsel for Plaintiff Taboola, Inc._

_Counsel for Defendants Ezoic Inc. and_
_Dwayne Lafleur_

**SO ORDERED.**

_Paul A. Engelmayer_
**Paul A. Engelmayer U.S.D.J.**

**Dated:   New York, New York**
**          December 16, 2020**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TABOOLA, INC.,

                                   Plaintiff,

            -against-                                          17-cv-09909 (PAE) (KNF)

EZOIC INC. and DWAYNE LAFLEUR,
                                                               **NON-DISCLOSURE**
                                   Defendants.                 **AGREEMENT**


I, _____, acknowledge that I have read and understand the

Confidentiality Order in this action governing the nondisclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the party or attorney

from whom I received it, or destroy such material pursuant to the terms of the Confidentiality

Order. By acknowledging these obligations under the Confidentiality Order, I understand that

I am submitting myself to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of any issue or dispute arising hereunder and that my

willful violation of any term of the Confidentiality Order could subject me to punishment for

contempt of Court.


     Dated: _____          _____