# LATHAM&WATKINS LLP

12670 High Bluff Drive
San Diego, California 92130
Tel: +1.858.523.5400  Fax: +1.858.523.5450
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

July 28, 2021

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Taboola, Inc. v. Ezoic, Inc. and Dwayne Lafleur*, No. 17 Civ. 9909 (PAE) (KNF)

Dear Judge Engelmayer:

On behalf of Ezoic, Inc. and Dwayne Lafleur (collectively, "Defendants"), and in response to Your Honor's Order dated July 21, 2021 (Dkt. 168), we write pursuant to Rule 4.B. of Your Honor's Individual Rules and Practices to respectfully request the Court's permission to redact certain documents that Plaintiff Taboola, Inc. ("Taboola") filed as exhibits to Taboola's motion for summary judgment (collectively, "Confidential Documents"). Of the 37 Ezoic-related exhibits Taboola filed in connection with its motion for summary judgment, Ezoic only seeks to make limited redactions to 14 of those documents for the reasons set forth below.

Defendants respectfully submit that good cause exists for the redactions, as each of the Confidential Documents contains material that falls into one or more of the following categories that justify sealing: "'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.' . . . Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014).

The Court has already permitted the requested redaction of certain documents Defendants filed in support of Defendants' motion for summary judgment, which have been redacted in the same manner that the Court previously approved. *See* Dkt. 155. These documents are: Exhibits 33 and 55.[1]

---

[1] Exhibits referenced herein are those filed by Taboola in support of its motion for summary judgment in the Cuccaro Declaration (Dkt. 164) and numbered accordingly.

**LATHAM&WATKINS**LLP

The documents and/or information that Defendants seek to redact fall within one or more of the following categories of protected information.

1. *Confidential business/marketing strategy documents, including internal, confidential, and commercially sensitive business communications concerning, existing products, proprietary technology, revenue information, current or potential customers and/or confidential competitive analysis that, if made public, would commercially or competitively disadvantage the Defendants and disclosing third parties.*

This Court regularly finds "'documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (citation omitted); *see also Louis Vuitton Malletier S.A. v. Sunny Merch Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing internal business documents and information regarding the operations of a non-public company); *GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents containing highly proprietary material concerning the party's marketing strategies, product development, costs and budgeting).

Defendants have made limited redactions to the following 13 exhibits that fall within this category: Exhibits 6, 12, 13, 18, 19, 21, 22, 24, 25, 33, 42, 55, 58. The redacted portions of these exhibits reflect revenue information, web traffic details, information about when customers started or stopped using Ezoic, and/or proprietary computer code.

2. *Sensitive agreements with business counterparties or information regarding negotiations with contract counterparties that, if made public, would commercially or competitively disadvantage the disclosing party or its business partners, or would harm the disclosing party's ability to enter into such negotiations or agreements with third parties in the future.*

This Court routinely protects from the public documents containing information revealing the terms of contracts and the content of such confidential negotiations. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529, at *2 (S.D.N.Y. March 22, 2021) (sealing documents containing the terms of confidential trademark licensing agreements, noting that "[d]isclosure of these contractual terms could harm [the party] and/or its business partners by disadvantaging them in negotiating future licensing agreements. Indeed, *courts in this District have granted motions to seal in order to protect these sorts of competitive interests.*") (emphasis added); *Skyline Steel, LLC v. PilePro*, LLC, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015), on reconsideration in part, No. 13-CV-8171 (JMF), 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (sealing emails revealing confidential negotiations between the party and its customers).

Defendants have made limited redactions to the following exhibit that falls within this category: Exhibit 6. The redacted portions of this exhibit reflect confidential financial negotiations and revenue information.

LATHAM&WATKINS LLP

3. Highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party.

Confidential corporate financial documents and budgets are among those documents frequently recognized by this Court as appropriately sealed. *See, e.g., See Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSmile*, 769 F. Supp. 2d at 649-50 (granting motion to seal documents containing highly proprietary material concerning the party's marketing strategies, product development, costs and budgeting); *Skyline Steel*, 101 F. Supp. 3d at 412 (granting motion to seal highly confidential sales information, including pricing information which is not available to the public).

Defendants have made limited redactions to the following eight exhibits that fall within this category: Exhibits 13, 18, 22, 21, 24, 25, 33, 55. The redacted portions of these exhibits reflect strategy and pricing information not available to the public.

4. Documents with sensitive personally identifiable information redacted pursuant to FED. R. CIV. P. 5.2 and Rule 4.B. of Your Honor's Individual Rules and Practices.

Defendants have made limited redactions to the following two exhibits that fall within this category: Exhibits 17, 22. The redacted portions of these exhibits reflect information related to usernames and passwords.

Defendants respectfully request that the Court permit the redaction and sealing of the foregoing documents.

Respectfully submitted,

/s/ David F. Kowalski
David F. Kowalski (*pro hac vice*)
of LATHAM & WATKINS LLP

Granted. SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
7/29/21